## James L. DAUER *v.* Andrew G. PONDER, Circuit Judge, Third Judicial District

81-195                                      623 S.W. 2d 3

### Supreme Court of Arkansas
### Opinion delivered October 26, 1981

*James L. Dauer, pro se.*

*Steve Clark,* Atty. Gen., by: *Rodney E. Slater,* Asst. Atty. Gen., for respondent.

PER CURIAM. The petitioner has filed what is styled a Petition for a Writ of Mandamus. It is denied because the record, such as it is, does not reflect a cause of action has been filed. The first "pleading" reads:

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY, ARK.

JAMES L. DAUER                          PLAINTIFF

VS. NO. CIV-81-6-

RANDOLPH COUNTY MEDICAL
CENTER, INC.                            DEFENDANT

## O-P-I-N-I-O-N

As a Tax Paying Citizen of Randolph County do: I have under the Freedom of Information Act of 1967 — 12-2801 — 12-2807 the right to examination and right to copy the records of Public Meetings both formal or informal, special or regular of the Randolph County Medical Center, Inc., (Randolph County Board of Governors).

James L. Dauer
James L. Dauer, Plaintiff

Thereafter the record contains a pleading styled "Temporary Restraining Order," signed by Dauer, and several letters. The correspondence reflects the trial court avoided advising Dauer about the correctness or worth of his lawsuit. In that regard the judge was decidedly correct. It is not the role of a trial judge to inject himself into an adversary proceeding in the aid of either party. To the contrary such action can be unethical. People who choose to represent themselves, as the petitioner has, necessarily must succeed or fail on their knowledge or ability.

Petition denied.

DUDLEY, J., not participating.